UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

EILEEK LORA, JEFFREY GOMEZ, SERGIO
MOSCOSO, BERNARDO MENDOZA, NICHOLAS     Civil Action No. 16-3604
MITRANO, KEVIN MANCO, and WILMER MARIN
GARCIA, on Behalf of Themselves and All Others
Similarly Situated,

                        Plaintiffs,

            -against-

TO-RISE, LLC and JORGE SALCEDO, a/k/a
JORGE E. SALCEDO JR.,

                        Defendants.

_____


DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION

ALAN B. PEARL & ASSOCIATES, P.C.
*Attorneys for Defendants*

Brian J. Shenker, Esq.
6800 Jericho Turnpike, Suite 218E
Syosset, New York 11791
Tel.: (516) 921-6645
Fax: (516) 921-6775

# TABLE OF CONTENTS

Preliminary Statement ………………………………………………………………..…..1

I.     Plaintiffs Cannot Represent the Collective Class Due to a Conflict of Interest………2

II.    The Information Sought by Plaintiffs is Overbroad and Improper………………..…..5

III.   The Content of the Notice is Improper……………………………………………7

      a.   Notice Should Contain Provision Stating Defendants' Deny the Allegations……7

      b.   Use of Colored Paper Should be Prohibited ……………………………………..8

      c.   Disclosure of Responsibilities if Opt-Ins Join Lawsuit…………………………..8

      d.   Statement that Court Has Not Opined on the Merits of Plaintiffs' Claims……….8

      e.   Counsel's Fee Arrangement with Opt-Ins Must be Disclosed……………………8

      f.   The Notice Should Not Read as an Advertisement………………………………9

      g.   English-Spanish Translation…………………………………………………...9

      h.   Reminder Notice is Improper……………………………………………………9

CONCLUSION……………………………………………………………………………10

# TABLE OF AUTHORITIES

## Federal Cases

*Gordon v. Kaleida Health,* No. 08–CV–378S, 2009 WL 3334784 (W.D.N.Y. Oct. 14, 2009) .................. 6

*Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012) ........................... 9

*Hintergerger v. Catholic Health Sys.,* No. 08–CV–380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009) .. 6

*Knispel v. Chrysler Group LLC*, No. 11–CV–11886, 2012 WL 553722, at *8 (E.D.Mich. Feb. 21, 2012) 9

*Mateo v. V.F.Corp.*, 2009 U.S. Dist. LEXIS 105921, *13 (N.D.Cal. Oct. 27, 2009) .................................. 4

*Ritz v. Mike Rory Corp.*, No. 12 Civ. 367, 2013 WL 1799974, at *5 (E.D.N.Y. Apr. 30, 2013) ............... 5

*Robinson v. Ryla Teleservices, Inc.*, No. 11–CV–131, 2011 WL 6667338, at *4 n. 7 (S.D.Ala. Dec. 21, 2011) ................................................................................................................................................... 10

*Schear v. Food Scope America, Inc.*, 297 F.R.D. 114, 130 (S.D.N.Y. 2014) ............................................... 5

*Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 462–63 (E.D.N.Y. 2014) ..................................................... 6

*Smallwood v. Illinois Bell Tel. Co.*, 710 F.Supp.2d 746, 753–54 (N.D.Ill.2010) ..................................... 10

*White v. Osmose, Inc.*, 204 F.Supp.2d 1309, 1314-15 (M.D. Alabama 2002)............................................. 4

*Witteman v. Wisconsin Bell, Inc.*, No. 09–CV–440, 2010 WL 446033, at *3 (W.D.Wis. Feb. 2, 2010)...... 9

*Wright v. Family Dollar, Inc.*, 2010 WL 4962838, *2-3 (N.D.Ill. Nov. 30, 2010) ..................................... 5

## State Cases

*City of Binghamton v. Whalen*, 32 N.Y.S.3d 727, 728 (3d Dept. 2016) ....................................................... 3

*Mosionzhnik v. Chowaiki*, 41 Misc.3d 822, 831 (Sup. Ct. New York 2013) ................................................ 3

*Visual Arts Foundation, Inc. v. Egnasko*, 91 A.D.3d 578, 579 (1st Dept. 2012)......................................... 3

*Zakresky v. Graduate School of Fig. Art* , 24 Misc.3d 1245(A) (Sup. Ct. New York 2009)....................... 2

**Preliminary Statement**

Defendants To-Rise, LLC ("To-Rise") and Jorge Salcedo a/k/a Jorge E. Salcedo Jr. ("Salcedo") (collectively "Defendants"), submit this memorandum of law in opposition to Plaintiffs' motion for conditional certification of their Fair Labor Standards Act ("FLSA") claims.

Defendants vehemently deny and dispute most, if not all, of the factual allegations asserted by Plaintiffs in their motion.  Plaintiffs' claims of FLSA and New York Labor Law ("NYLL") violations are unsubstantiated and untrue.  Nonetheless, given that courts do not look to the merits for conditional certification purposes, Defendants opposition is not based upon Plaintiffs' claims being without merit.  Instead, there are distinct reasons Plaintiffs' motion should be denied in its entirety.

Plaintiffs have a clear conflict of interest with potential opt-in members if they are permitted to represent the collective class.  Defendants have asserted several counterclaims against the Plaintiffs, including breach of duty of loyalty (against all Plaintiffs), conversion (against Garcia, Mendoza, Moscoso, and Lora), conspiracy to commit conversion (against all Plaintiffs), and breach of fiduciary duty (against all Plaintiffs).  These counterclaims, among other things, seek damages against all Plaintiffs based upon their misappropriation of Defendants' property, including confidential customer information, payroll, and personnel files. Significantly, Defendants' breach of duty of loyalty claim against Plaintiffs will result in the forfeiture of compensation for all periods of disloyalty and will bar Plaintiffs from recovering alleged unpaid wages.  This puts the named Plaintiffs' interests, both in terms of strategy and financial in stark contrasts with potential opt-in members.  Plaintiffs had requested a pre-motion conference to dismiss Defendants' counterclaims but have since withdrawn their application.

1

If certification is granted, then opt-ins would be designating the named Plaintiffs as their class representatives and agents to make all decisions on their behalf regarding this litigation. That would be improper given the different financial and legal interests at stake between the named Plaintiffs and potential opt-ins. The named Plaintiffs are unable to make decisions for opt-in members without being tainted by their conflict of interest.

In addition, Defendants object to certain information sought by Plaintiffs and parts of the proposed notice form as detailed herein.

Accordingly, the Court should deny Plaintiffs' motion in its entirety.

## I.      Plaintiffs Cannot Represent the Collective Class Due to a Conflict of Interest

In order to proceed with a collective action, the named Plaintiffs' interests must be aligned with the interests of the opt-in members. This much is clear, as the named Plaintiffs will make decisions for the collective class, such as litigation strategy and settlement. Here, the named Plaintiffs' interests are at odds with any potential opt-in members. The conflict provides much different litigation and financial motives to the named Plaintiffs which will undoubtedly disadvantage and disenfranchise all potential opt-in members because of the fact Defendants' counterclaims can nullify any alleged wage violation, not to mention result in the recoupment of wages already paid to Plaintiffs and liability for other monetary damages suffered by Defendants.

Pursuant to the faithless servant doctrine, an employee:

> Is prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties. Not only must the employee or agent account to his principal for secret profits, but he also forfeits his right to compensation for services rendered by him if he proves disloyal.

*Zakresky v. Graduate School of Fig. Art* , 24 Misc.3d 1245(A) (Sup. Ct. New York 2009).

2

Defendants' faithless servant claim against all named Plaintiffs will bar Plaintiffs' claims for the recovery of unpaid wages if successful. *Zakresky*, 24 Misc.3d 1245(A) (Sup. Ct. N.Y. 2009) (holding the employee's acts were faithless thus warranting a "forfeiture of the remainder of the salary which plaintiff seeks to recover"); *City of Binghamton v. Whalen*, 32 N.Y.S.3d 727, 728 (3d Dept. 2016) (holding that an employee who repeatedly stole money from employer was disloyal and forfeited right to compensation); *Visual Arts Foundation, Inc. v. Egnasko*, 91 A.D.3d 578, 579 (1st Dept. 2012) ("An employee forfeits his right to compensation for services rendered by him if he proves disloyal"); *Mosionzhnik v. Chowaiki*, 41 Misc.3d 822, 831 (Sup. Ct. New York 2013) (it is well established that an employee who "acts in any manner inconsistent with his agency or trust" is deemed a faithless servant and forfeits his right to compensation).

Not only does the faithless servant doctrine serve to bar the named Plaintiffs from recovering wages, they will be required to repay Defendants all wages paid to Plaintiffs during any period of disloyalty. These claims not only preclude Plaintiffs' wage claims, but assess liability against them for damages. Furthermore, Defendants assert conspiracy to commit conversion and breach of fiduciary duty claims against all named Plaintiffs. Defendants seek to recover remuneration for all damages they have suffered as well as punitive damages provided by New York law.

The liability of the named Plaintiffs with respect to Defendants' counterclaims presents them with a conflict of interest with any potential opt-in members. Regardless of any alleged common policy or scheme, Plaintiffs and their counsel will not be able to adequately represent a collective class that is not subject to similar counterclaims because their interests are divergent. The fact that the named Plaintiffs face significant liability and may be unable to recover wages because of their own prior misconduct puts them and their counsel in a position where they

cannot adequately represent the interests of other potential opt-in members who are not subject to such claims.

As the class representatives, the named Plaintiffs would be the agents of any opt-in individuals.  Named Plaintiffs would make decisions on the opt-ins' behalf, decide the method and manner of conducting this litigation, make the decisions regarding entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and deciding all other matters pertaining to this lawsuit.  All decisions and agreements made by the named Plaintiffs would be binding on the opt-in members.  Certification cannot proceed when the named Plaintiffs, who would make all the above-recited decisions, have interests far different than those of the opt-in members.

Courts have denied collective certification in circumstances where the named plaintiffs have a conflict of interest with potential opt-in members.  *See White v. Osmose, Inc*., 204 F.Supp.2d 1309, 1314-15 (M.D. Alabama 2002) (partially denying conditional certification due to conflict of interest between named plaintiffs and opt-ins).  The *White* court stated:

> FLSA collective actions are representative actions and, given that individuals who opt-in to this proceeding will most likely be represented by the named-plaintiff's counsel, the court has an equitable interest in ensuring that they are adequately represented.

*Id*. at 1315.  Other courts have also held that where there exists any conflict between the named plaintiff and the potential opt-ins that certification must be denied.  *See Mateo v. V.F.Corp*., 2009 U.S. Dist. LEXIS 105921, *13 (N.D.Cal. Oct. 27, 2009) (denying certification under the FLSA because the putative class included individuals with conflicting interests than the named plaintiffs which "brought into the question of the adequacy of the named plaintiff's representation"); *Wright v. Family Dollar, Inc*., 2010 WL 4962838, *2-3 (N.D.Ill. Nov. 30,

2010) (striking class action allegations as "it is clear from the complaint that putative class is permeated by conflicts of interest").

Here, Plaintiffs' litigation strategy and financial interests, to name a few, are vastly different than the interests of potential opt-in members because of the fact they may be unable to recover wages due to their disloyalty (in addition to liability for the recoupment of wages and other damages). They simply are unable to adequately represent the interests of potential opt-in members who do not face such liability. Accordingly, Plaintiffs' conditional certification motion must be denied.

## II.      The Information Sought by Plaintiffs is Overbroad and Improper

While Defendants contend Plaintiffs' motion should be denied in its entirety, assuming arguendo it is granted, Defendants assert the following arguments.

First, Plaintiffs improperly request the Court order Defendants to provide social security numbers for all potential opt-in members. Employees' social security numbers are highly confidential and sensitive data that should not be hastily ordered to be turned over. *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114, 130 (S.D.N.Y. 2014). Here, Plaintiffs seek the social security numbers so that they can run social security number searches on opt-in members who have undeliverable addresses. "In such cases, courts have required plaintiffs' counsel to provide defendants' counsel with a copy of the notice of undeliverability" prior to ordering Defendants to produce the social security number for that individual. *Schear v. Food Scope America, Inc.*, 297 F.R.D. 114, 130 (S.D.N.Y. 2014); *Ritz v. Mike Rory Corp.*, No. 12 Civ. 367, 2013 WL 1799974, at *5 (E.D.N.Y. Apr. 30, 2013). Moreover, due to privacy concerns already stated, Plaintiffs must execute a confidentiality agreement regarding the use of social security numbers. The social security numbers must be designated for attorneys' eyes only, as there is no reason

whatsoever why Plaintiffs should view such private information (especially in light of their prior unlawful misconduct, i.e. misappropriating Defendants' property).

Second, Plaintiffs improperly seek potential opt-in members' compensation rates and dates of employment. Plaintiffs have failed to state why such information is necessary for the sending of notice, which is, at most, all Plaintiffs are entitled to do at this point. Plaintiffs improperly are seeking discovery of actual employment information instead of contact information, which is the only information they are entitled to at this stage if their motion were granted.

Third, Plaintiffs seek telephone numbers of potential opt-in members. This again is improper.  Counsel is not permitted to solicit potential opt-in members by calling them. Indeed, the Opt-In Notice is a notice that comes from the Court, not Plaintiffs' counsel. Plaintiffs' counsel is by no means permitted to call potential opt-ins, especially since that would raise the possibility of misinformation to the individuals as compared to a carefully crafted notice that is court-approved.

Fourth, Plaintiffs seek the email addresses of potential opt-in members. Courts in this jurisdiction have routinely held that email dissemination of notice is improper.  *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 462–63 (E.D.N.Y. 2014); *Hintergerger v. Catholic Health Sys.,* No. 08–CV–380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009); *Gordon v. Kaleida Health,* No. 08–CV–378S, 2009 WL 3334784 (W.D.N.Y. Oct. 14, 2009); Karvaly, 245 F.R.D. at 91.  Thus, Plaintiffs are not permitted to email the notice, leaving no reason for the production of potential opt-ins' email addresses.

### III.     The Content of the Notice is Improper

In the event Plaintiffs' motion is granted, the Court should reject the Notice as proposed

by Plaintiff as it is highly improper.

### a.  Notice Should Contain Provision Stating Defendants' Deny the Allegations

The proposed notice fails to set forth Defendants' position with respect to Plaintiffs'

claims.  Page 1 of the Notice contains half a page of language regarding Plaintiffs' claims.

Defendants are entitled to set forth their position as well, otherwise it appears as if there is no

contention regarding Plaintiffs' allegations.  Moreover, as set forth above, this motion should not

even be granted because of the direct conflict of interest that the named Plaintiffs have with

potential opt-in members.  In the event that Plaintiffs' motion is granted, potential opt-in

members must be given notice of the conflict of interest that exists between them and the named

Plaintiffs since the prospect of liability to Defendants will affect the litigation and settlement

decisions the named Plaintiffs make on behalf of the opt-in members.  Thus, the following

language is necessary:

> Defendants deny the allegations that Plaintiffs that they were improperly paid.
> Specifically, Defendants contend that plaintiffs and all employees receiving this notice
> were paid proper wages at all relevant times.
>
> Defendants have filed four (4) counterclaims against plaintiffs which relate to allegations
> that its former employees stole confidential information and documents from To-Rise, 
> LLC.  These counterclaims are for breach of duty of loyalty, breach of fiduciary duty, 
> conversion, and conspiracy to commit conversion.  If proven, the counterclaims could
> result in Plaintiffs owing Defendants for wages paid to them, bar its former employees
> from recovering wages and result in liability for other damages suffered by To-Rise, 
> LLC.  There may be a conflict of interest between you and the named Plaintiffs who will
> represent you and make decisions for you in this case.
>
> By joining this lawsuit, you designate the class representatives as your agents to make
> decisions on your behalf concerning the litigation, the method and manner of conducting
> this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys'
> fees and costs, and all other matters pertaining to this lawsuit.  The decisions and

agreements made and entered into by the representative Plaintiff will be binding on you if you join this lawsuit.

**b.  Use of Colored Paper Should be Prohibited**

The proposed notice states that the Consent to Join form will be a "blue form." This is improper as printing the Consent on such paper gives it the appearance of an advertisement. This is a court-authorized notice, not an advertisement packet sent by the court, it should be sent on ordinary white paper.

**c.  Disclosure of Responsibilities if Opt-Ins Join Lawsuit**

The Notice should contain a statement notifying potential opt-in members that if they decide to join the lawsuit they will be required to do certain things, such as respond to discovery requests and sit for a deposition.  Defendants propose the following language:

> If you decide to join this lawsuit, you may be required to respond to certain discover requests from Defendants such as interrogatories (written questions) and documents requests.  In addition, you may be required to sit for a deposition for questioning by Defendants' attorneys under oath and to testify at trial.

**d.  Statement that Court Has Not Opined on the Merits of Plaintiffs' Claims**

The Notice fails to state that the Court has not taken a position as to the merits of the lawsuit. As the Notice stands, individuals may believe the Court has endorsed Plaintiffs' claims, which it has not.  Defendants propose the following language:

> No determination has been made as to whether you are owed any regular wages or overtime or not, and the Court is not endorsing the merits of the lawsuit or advising you to participate in the lawsuit.

**e.  Counsel's Fee Arrangement with Opt-Ins Must be Disclosed**

Since any individual who joins the lawsuit has consented to be represented by Plaintiffs' counsel, it must be disclosed in the Notice what counsel's fee arrangement is with Plaintiffs. Without such a disclosure an individual would lack necessary and important information relating

8

to whether they would like Plaintiffs' counsel to represent them or if they would want to be represented by separate counsel. Accordingly, such a disclosure should be made in the Notice.

### f.   The Notice Should Not Read as an Advertisement

The first page of the Notice contains large font and bold type which is improper and makes the Notice look as if it is an advertisement. The Notice should be consistently in 12 of 14 size font and appear as a legal notice from the Court, which it is, not as an advertisement from Plaintiffs' counsel, which it is not.

### g.   English-Spanish Translation

Defendants do not object to notice being provided in Spanish and English.  However, Defendants must be given an opportunity to review and confirm the accuracy of the translation of the notice prior to dissemination.

### h.   Reminder Notice is Improper

Defendants object to a "reminder notice" being sent by Plaintiffs' counsel. Courts in this Circuit do not generally order that reminders be sent. Opt-in members are to receive a notice from the court – nowhere in the FLSA regulations is it contemplated that additional notice will be given.

Courts routinely deny requests to send reminder notices on the ground that "the reminder is unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit." *Guzelgurgenli v. Prime Time Specials Inc*., 883 F. Supp. 2d 340, 357 (E.D.N.Y. 2012); citing *Witteman v. Wisconsin Bell, Inc*., No. 09–CV–440, 2010 WL 446033, at *3 (W.D.Wis. Feb. 2, 2010); *Knispel v. Chrysler Group LLC*, No. 11–CV–11886, 2012 WL 553722, at *8 (E.D.Mich. Feb. 21, 2012) ("There shall not be any 'reminder notice' provided. Plaintiffs have requested such reminder notices in other cases in this district and those requests have been denied because they are unnecessary and could potentially be interpreted as encouragement by

9

the Court to join the lawsuit."); *Robinson v. Ryla Teleservices, Inc.*, No. 11–CV–131, 2011 WL 6667338, at *4 n. 7 (S.D.Ala. Dec. 21, 2011) (adopting the reasoning in *Witteman* and denying the plaintiffs' request to send a reminder notice to the putative class); *Smallwood v. Illinois Bell Tel. Co.*, 710 F.Supp.2d 746, 753–54 (N.D.Ill.2010) (same).

## CONCLUSION

Based upon the foregoing, Defendants respectfully request the Court deny Plaintiffs' motion for conditional collective certification in its entirety.

Date:   December 22, 2016
        Syosset, New York

                                        ALAN B. PEARL & ASSOCIATES, P.C.
                                        *Attorneys for Defendants*

                                By:     _____/s/_____
                                        Brian J. Shenker, Esq.
                                        6800 Jericho Turnpike, Suite 218E
                                        Syosset, New York 11791
                                        Tel: (516) 921-6645
                                        bshenker@pearl-law.com

TO:   William Cafaro, Esq. (via Email)
      Law Offices of William Cafaro
      108 West 39th Street, Suite 602
      New York, New York 10018